# EXHIBIT A



COPY

Person Filing: __Alfred B. Paila__

Address (if not protected): __8809 South Pointe Pkwy, E__

City, State, Zip Code: __Unit 2074, Phoenix Az 850__

Telephone: __703-786-6252__

Email Address: __jetfit@gmail.com__

Lawyer's Bar Number: _____

DEC 29 2020

CLERK OF THE SUPERIOR COURT
L. GUTIERREZ
DEPUTY CLERK

Representing ☑ **Self, without a Lawyer** or ☐ **Attorney for** ☐ **Plaintiff OR** ☐ **Defendant**

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

__Alfred B. Paila__
Name of Plaintiff

And

__Mesa Airlines__
Name of Defendant

Case No.: CV2020-017311

SUMMONS

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** __Mesa Airlines__

Name of Defendant

1. **A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2. **If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:**

   - **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***

   - **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***

   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR***

   - **Office of the Clerk of the Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   • 601 West Jackson, Phoenix, Arizona 85003
   • 18380 North 40th Street, Phoenix, Arizona 85032
   • 222 East Javelina Avenue, Mesa, Arizona 85210
   • 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

7. Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing, please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

COPY

SIGNED AND SEALED this date

DEC 2

CLERK OF SUPERIOR COURT

CLERK OF THE SUPERIOR COURT
L. GUTIERREZ
DEPUTY CLERK

By_____
**Deputy Clerk**

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 031820

**In the Superior Court of the State of Arizona**

**In and For the County of** _____

CV2020-017311

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney _____

Attorney Bar Number _____

Is Interpreter Needed? ☐ Yes ☐ No

If yes, what language(s): _____

COPY

DEC 2 9 2020

COURT SEAL

CLERK OF THE SUPERIOR COURT
L. GUTIERREZ
DEPUTY CLERK

Plaintiff's Name(s): (List all)   Plaintiff's Address:   Phone #:   Email Address:

ALFRED B. PAILA 8809 SOUTH POINTE PKWY, EAST, UNIT 2074
PHOENIX AZ, 85044. TEL 703-786-6252
EMAIL JETFITAL@GMAIL.COM

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

MESA AIRLINES

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☑ Amount Claimed $ 500,000   ☐ Tier 1   ☐ Tier 2   ☑ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*

☐ 103 Wrongful Death\*

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence\*

☐ 112 Product Liability – Asbestos\*

☐ 112 Product Liability – Tobacco\*

☐ 112 Product Liability – Toxic/Other\*

☐ 113 Intentional Tort\*

☐ 114 Property Damage\*

☐ 115 Legal Malpractice\*

☐ 115 Malpractice – Other professional\*

☐ 117 Premises Liability\*

☐ 118 Slander/Libel/Defamation\*

☐ 116 Other (Specify) _____ *

(A.R.S. §§1-501, 1-502, 11-1051)

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*    ☐ 123 Hospital*

☐ 122 Physician D.O*     ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (e.g, Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Filings Only)*

## 145 & 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)*

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ 145 Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge

## 144 & 150-199 UNCLASSIFIED CIVIL:

☐ 144 Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute -- Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☑ 183 Employment Dispute – Discrimination*

☐ 185 Employment Dispute – Other*

☐ 198 Verified Rule 27(a) Petition*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License (Maricopa County Filings Only)

☐ 195(b) Amendment of Birth Certificate

☐ 163 Other* _____
    (Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC       ☐ Election Challenge

☐ Employer Sanction             ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at: https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

Person Filing: _ALFRED B. PAILA_

Address (if not protected): _8809 SOUTH POINTE Pkwy, E_

City, State, Zip Code: _UNIT 2074, PHOENIX AZ 85044_

Telephone: _703-786-6252_

Email Address: _JETFITAL@GMAIL.COM_

Lawyer's Bar Number: _____

Representing ☑ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

COPY

DEC 29 2020

CLERK OF THE SUPERIOR COURT
L. GUTIERREZ
DEPUTY CLERK

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

_ALFRED B. PAILA_
Name of Plaintiff

_MESA AIRLINES_
Name of Defendant

Case Number: _CV2020-017311_

Title: **CIVIL COMPLAINT**

_____

_____

Plaintiff hereby submits this complaint against Defendant(s) and alleges the following:

## JURISDICTION and VENUE

1.  Maricopa County Superior Court has the legal authority to hear and decide this case because: *(Check all boxes that are true.)*

    ☑ The value of this case exceeds $10,000 dollars.

    ☐ Replevin or other nonmonetary remedy will take place in Maricopa County.

    ☑ The Plaintiff resides in Maricopa County.

    ☑ The Defendant resides in Maricopa County.

    ☑ The Defendant does business in Maricopa County.

    ☑ The events, actions, or debts subject of this Complaint occurred in Maricopa County.

    ☐ Other reason: _____

    _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 070118

## DISCOVERY TIER

2. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign my case to the following tier based on the amount of damages I request.

☐ Tier 1 = Actions claiming $50,000 or less in damages.

☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000 in damages,

OR Actions claiming nonmonetary relief.

☑ Tier 3 = Actions claiming $300,000 or more in damages.

## PARTIES

3. The Plaintiff in this case is _ALFRED B. PAILA_

4. The Defendant in this case is _MESA AIRLINES_

## STATEMENT OF FACTS AND BREACH

5. _ATTACHED_

6. _____

7. _____

8. _____

9. _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 070118

10._____

_____

(If you need more space, add an attachment labeled "Statement of Facts and Breach," and continue consecutive numbering.)

## APPLICABLE LAW SUPPORTING CLAIMS

(      ) _____ ATTACHED _____

_____

(      ) _____

_____

(      ) _____

_____

(      ) _____

_____

(      ) _____

_____

(      ) _____

_____

(If you need more space, add an attachment labeled "Applicable Laws Supporting Claims," and continue consecutive numbering.)

## INJURIES

(      ) _____ ATTACHED _____

_____

( )  _____

        _____

( )  _____

        _____

( )  _____

        _____

( )  _____

        _____

(If you need more space, add an attachment labeled "Injuries," and continue consecutive numbering.)

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendant(s), and each of them (if applicable) for the following dollars, interest, costs and expenses incurred herein, **or** non-monetary remedy, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

( )  _____*ATTACHED*_____

        _____

( )  _____

        _____

( )  _____

        _____

( )  _____

        _____

(If you need more space, add an attachment labeled "Demand for Relief," and continue consecutive numbering.)

Dated this ___12/29/2020___.
         *(Date of signature)*

_____
*(Signature of Plaintiff or Plaintiff's Attorney)*



MARK BRNOVICH
ATTORNEY GENERAL

OFFICE OF THE ARIZONA ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

REBEKAH BROWDER
CHIEF COUNSEL

# <u>NOTICE OF RIGHT TO SUE</u>

<u>Alfred B Paila</u>    v.    <u>Mesa Airlines, Inc</u>

CRD No.:                  EEOC No.: <u>540-2020-01320C</u>

On January 07, 2020, you filed a charge with the Division of Civil Rights Section alleging employment discrimination. Arizona law provides that you may bring a civil action in Superior Court of the county where the alleged discriminatory action took place. Should you decide to file a civil action, you must do so **within 90 days** of the date you receive this Notice or **within one year** of the date you filed the charge, **whichever comes first**, A.R.S. § 41-1481(D.)

**This Notice of Right to Sue letter is being issued because:**

Charging Party has submitted a written request

If you have any questions concerning this notice, please contact us at (520) 628-6500 or toll free at 1-877-491-5740. If you need legal assistance, you should seek the advice of an attorney.

BY:

_____
Patricia G. Bianchi, Compliance Manager

Sent by regular mail this <u>23rd</u> day of <u>November, 2020</u>

cc: Mesa Airlines, Inc (Respondent)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 540-2020-01320 |

**ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. ALFRED B PAILA | (703) 786-6252 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 8809 SOUTH POINTE PKWY, APT 2074, PHOENIX, AZ 85044 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MESA AIRLINES, INC | 501+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 410 N. 44TH ST., SUITE 700, PHOENIX, AZ 85008 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 02-01-2019   Latest 11-20-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Respondent in February 2019 as an Aviation Compliance and Regulatory Specialist.

I was hired by Thomas (LNU). During his tenure Thomas took both me and co-worker Robert (LNU) to weekly meetings. Thomas left Respondent sometime in March or April 2019.

After Thomas left Director, Dean Sinerius, a white male, stepped in as my supervisor and continued taking Robert to meetings. When I emailed Sinerius asking about taking me to meetings he never responded. When I asked Robert about it he said we were going through organizational changes.

William Clark, a white male, became my manager in or around April 2019. He continued taking Robert to meetings but not me. I asked Clark about it and he said we are going through organizational changes.

Clark wrote me up in or around July 2019. I signed the form although it wasn't accurate.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Alfred Paila on 01-07-2020 04:43 PM EST

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 540-2020-01320 |

| ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Clark tried to write me up again in or around August 2019 in front of the Quality Control manager, a black male. I refused to sign the write up. I told Clark he was discriminating against me due to my race or national origin. I emailed Human Resources about the write up. HR did not make me sign the write up.

I complained to Human Resources on multiple occasions about Clark. I emailed Karla Rodriguez, Human Resources Manager, on multiple occasions.
I was in two auto accidents; one in September 2019 and another in October 2019.

I was out of work beginning October 23, 2019. I was contacted via phone by Rodriguez after this date during which time she told me I could return to work with no restrictions, I could resign or be separated from Respondent. She told me Respondent did not want to pay my short term disability any longer.

On November 20, 2019 I provided Respondent a note indicating I needed a 15lb lifting restriction. Sometime after I submitted my note I received a letter signed by Kristine Agakhanyan, Human Resources, Benefits Administrator, terminating my employment effective November 20, 2019.

I believe I have been retaliated against for complaining to Human Resources about Clark and for telling Clark he was discriminating against me and discriminated against due to my race, black / African American and my national origin, other, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Alfred Paila on 01-07-2020 04:43 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

December 22nd, 2020

<h2 align="center"><u>Statement of Facts and Breach</u></h2>

**5. Exhibit**

   My qualifications for the job included attending Embry-Riddle Aeronautical University in Daytona Beach. I had received a BSc degree in Aeronautical Science. Before my degree, I had an FAA Airframe & Powerplant License and also FCC License for Aircraft Avionics. The Plaintiff was hired on February 8th of 2019. My hired position was Aviation Compliance and Regulatory Specialist. I was Hired by Thomas who was the manager at the time of Compliance and Regulatory in February of 2019. When I was hired, the company was behind 3 months of the work I was hired to complete. I was able to accomplish completing the current and past work within 2 months of being on the job. My obligation was to research the occurrences and interview the mechanics on discrepancies (occurrences) that came through the company. These were directly received from the FAA to the airlines in order to complete the reports regarding malfunctions of the planes with myself being the intermediary in communication. Once the discrepancies were solved, I would send back the reports to the FAA to dismiss the occurrences.

A. Manager's Safety Meeting.
   Plaintiff showed up at the first safety meeting with a coworker (Robert) who is a white male. When the Plaintiff (myself) arrived at the meeting, some of the attendees were making sarcastic remarks towards myself. These consisted of them saying "who is this man?", "What is he doing here?" and "How long is he going to be here?" Then my coworker "Robert" told them " You like it or not he is going to be here."

B. I was attending the FAA meetings with my boss Thomas, whilst also attending the meetings at the companies main office. This was done so Thomas could train me in order to take his position as manager being the reason he hired me which was known with the company and with the FAA. I was attending the meetings continuously until Thomas left the company in April of 2019. Thomas had invited me to the VP meetings in which they had not allowed him to proceed with doing. Immediately after Thomas left, I was no longer allowed to attend all the meetings. Robert was the only one attending all the meetings once Thomas left the company. So I had asked Robert " How come I'm no longer invited to attend the management meetings?" He responded saying " Dean Sinerius (who is the director of Compliance and Quality) told him that they were moving things around, and once they are done you (in reference to the plaintiff) will be able to attend the meetings again." However, following that conversation, I was not offered the invitation to any of the future meetings.

C. A new manager William Clark was hired towards the end of May in 2019. William was hired and had taken over the position left by Thomas. I had overheard a conversation between him and Robert in William's office which was located next to my office and was

separated by drywall. William had stated " Why did you guys not fire him? He should have been fired a long time ago." I did not say anything in reference to their conversation. I had asked him " Why was I not attending the meetings?" He had given the same response as Robert " That things were being moved around and when it was finished then I would go again." Evidently, Robert and William were the only two attending these meetings( FAA meetings and Management Meetings) Until Robert was moved to another department. After a month or so another white male(Dan Porter) was hired and began to attend the meetings with William and I was still not invited to the meetings. So I asked again " Why am I not going to the meeting?" Dan had told me the same thing that "They were still moving things around once it was done I would return going to the meetings." I still was not invited to the meetings. The attendees of the meetings were all white males and did not consist of People of Color.

D.  William had been on the job just less than a couple of months and during this period, I received my first write up from William on July 25th, 2019. The write up stated (severity of performance issue) which consisted of the work prior to the plaintiffs employment. Prior to the write up I was told that I was behind on my work load. When I had been ahead of current work including the work prior to my employment. Evidently, they had switched how work was received without prior notices leading me to be put behind in future work from SharePoint(the FAA report site). This was also a result of me no longer being invited to the meetings where they had discussed these new changes. Prior to the employment of William I did not receive any written notices or verbal notices on myself being behind in my workload.

E.  Two months past and I received another write up from William on September 12th, 2019. The write up consisted of severity of performance issue continuing from the first initial written write up. They had stated that I was not keeping up with the workload and they could not track how many reports I was completing on a daily basis. The FAA had accepted all of the reports and did not send any reports back to myself. I informed him I would not be signing the write up in front of the Quality manager whom he had brought to witness me signing the document. I had also stated that he was harassing and discriminating against me due to lack of evidence to support me being behind in my work. After receiving the write up I had sent an email to HR(Karla Rodriquez). Explaining that I am being harassed and discriminated against by William Clark. Karla had expressed the write up was invalid in which he should not have written up the plaintiff.

F.  Dean (the director) and myself had attended the same University and he is the director of Compliance and Quality. However, he did not have the same qualifications as myself and was not licensed. This had also extended to the other two directors (instructor director and maintenance director) who did not have a degree but have A&P license.

G.  I had been in an accident in September of 2019 at which I had requested to take medical leave due to injuries to my neck and left leg and was given one week of PTO. Then I was

in another accident on October 23rd, 2019 which was a head on collision after work driving home with a F150 truck and I was in a small Nissan sentra. I had severe injuries and was hospitalized for 18 hours. I was able to call William and left a message and also sent a text to inform him of the accident and the severity of it. William had told Karla which led to her sending me an email and I expressed I needed another medical leave due to the severity of my injuries. They had denied my request for medical leave because they did not want to pay because they had already done one week and they did not want to do another. Despite my injuries I was asked to come back to work immediately and without any restrictions. My doctors had sent letters stating how severe my injuries were and that I would not be able to return to work at the moment. Karla had said I still had to come to work without restrictions and if I did not return I would be fired. So I had returned to work on the Tuesday after being told I would be fired and Karla had sent me back home. Following this I had my attorney send them an email that I can not return to work due to the severities of my injuries. Kristine Agakhanyan had then sent me a letter stating that they needed documents from my doctors and should return to work without restrictions immediately or it will result in being fired. Two different doctors had sent in letters and documentation regarding the severity of my injuries and that I would not be able to return to work immediately. In the morning of the 20th of November in 2019 I was able to send in another letter stating that I would be able to work but with restrictions. They had said that was not enough documentation and had fired me from the company on the 20th of November in 2019.

## **Applicable Law Supporting Claims**

- Discrimination of National Origin Discrimination and Race
  - **15.2 Title VII and the Civil Rights Act of 1991.** Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in employment based on: race, color, religion, sex, national origin, or a person's association with a protected class member. 42 U.S.C. §§ 2000e to 2000e-17. Title VII also prohibits retaliation against an individual who has opposed a discriminatory practice, filed a discrimination charge, or otherwise participated in a judicial or administrative proceeding concerning a discrimination complaint. Title VII protects employees from discrimination in all aspects of the employment relationship, including hire, terms and conditions, benefits, promotion, layoff, and termination.
  - Title VII covers state and local governmental employers. Title III of the Civil Rights Act of 1991, 2 U.S.C. § 1220 (subsequently transferred to 42 U.S.C. § 2000e-16c), gave
  - previously exempt state employees serving elected officials many of the same procedural and substantive rights that Title VII provides. Title III

covers members of an elected official's personal staff, those serving an elected official on a policy-making level, and those serving an elected official as immediate advisors with respect to the exercise of the office's constitutional or legal powers.₁

- includes unfair treatment of an individual based upon the characteristics of their speech; such as accent, vocabulary, and sentence composition. It can also involve a person's ability or inability to use one language instead of another. This applies to myself because coming in as an African male and having a heavy accent I was judged upon arrival to my first meeting.

- Discrimination of National Origin Discrimination and Race
  - **15.2 Title VII and the Civil Rights Act of 1991.** Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in employment based on: race, color, religion, sex, national origin, or a person's association with a protected class member. 42 U.S.C. §§ 2000e to 2000e-17. Title VII also prohibits retaliation against an individual who has opposed a discriminatory practice, filed a discrimination charge, or otherwise participated in a judicial or administrative proceeding concerning a discrimination complaint. Title VII protects employees from discrimination in all aspects of the employment relationship, including hire, terms and conditions, benefits, promotion, layoff, and termination.
  - Title VII covers state and local governmental employers. Title III of the Civil Rights Act of 1991, 2 U.S.C. § 1220 (subsequently transferred to 42 U.S.C. § 2000e-16c), gave
  - previously exempt state employees serving elected officials many of the same procedural and substantive rights that Title VII provides. Title III covers members of an elected official's personal staff, those serving an elected official on a policy-making level, and those serving an elected official as immediate advisors with respect to the exercise of the office's constitutional or legal powers.₁

- Example "For example, it is unlawful for a supervisor to refuse to promote a Vietnamese person to a management position because he or she believes that Asian people are not good leaders." I also have to deal with a similar aspect of it due to not being white as my coworkers and people above me.

C. **15.8 Harassment.** the harassment form of discrimination is much less developed in other contexts, harassment may also involve color, national origin, age, religion, or disability. In general, these harassment claims are analyzed under the same legal standard as sexual harassment claims. To constitute discrimination, the harassing conduct must be unwelcome and either severe or pervasive enough to interfere with an individual's work performance or create an

intimidating, hostile, or offensive working environment. *See, e.g., Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (harassment based on

- 15-8 Revised 2018
- race), *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) (harassment based on national origin).
- An Example is "Harassing conduct might include racial slurs, jokes about a particular ethnic group, comments or questions about a person's cultural habits or traditions, or physical acts of particular significance to a certain racial or ethnic group.

Also common in national origin discrimination cases is discrimination based on an employee or applicant's immigration status. ." Me over hearing about why I wasn't fired yet is a form of harassment towards me.

D. **15.8 Harassment.** the harassment form of discrimination is much less developed in other contexts, harassment may also involve color, national origin, age, religion, or disability. In general, these harassment claims are analyzed under the same legal standard as sexual harassment claims. To constitute discrimination, the harassing conduct must be unwelcome and either severe or pervasive enough to interfere with an individual's work performance or create an intimidating, hostile, or offensive working environment. *See, e.g., Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (harassment based on

- 15-8 Revised 2018
- race), *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) (harassment based on national origin).
  - An example is "an employer should not ask whether or not a job applicant is a United States citizen before making an offer of employment." this relates to how I was constantly harassed and written up do to my work ethic.

E. **15.12 Discrimination Based on Disability.** Employees are protected from discrimination based on disability under Title I of the Americans with Disabilities Act of

15-12 Revised 2018

1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213, and the ACRA. A.R.S. § 41-1463(B)(1). The ADA was intended to be consistent with Title V of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796, so that agencies that complied with that law would also be in compliance with the ADA. The ADA sets the minimum level of protection afforded to individuals with disabilities;

other state or federal law may offer greater protections. 29 C.F.R. § 1630.1(c). The ADA covers employers with fifteen or more employees. 42 U.S.C. § 12111(5)(A).

Employers may not discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); A.R.S. § 41-1463(B)(1) . Discrimination includes failure to provide reasonable accommodations for known disabilities (see discussion at 15.12.4 below). A "qualified individual with a disability" is a person who has a disability and who, with or without reasonable accommodation, can perform the essential functions of the job. 42 U.S.C. § 12111(8); A.R.S. § 41-1461(11).

- However, I was denied accommodations for disabilities when it states "Federal, state, and some local laws impose a duty on employers to reasonably accommodate workers. If you are a qualified individual with a disability and you have been denied a reasonable accommodation, your employer may be in violation of the federal Americans with Disabilities Act or the Rehabilitation Act, or state laws such as the D.C. Human Rights Act, " Evidently, the company had violated the need for accommodations discriminating against me because of a disability led from injuries.

## Injuries

- lost income.
- Pain from being denied medical leave.
- For the debt that came along with losing income
- Pain and suffering.
- Emotional damage
- Psychological damage
- Degradation of humanity based off of Race

## Demand For Relief

Plaintiff demands

The plaintiff is asking the defendant to pay them $500,000 to compensate for damage endured since being fired and also while being an employee.

December 22nd, 2020

## <u>Statement of Facts and Breach</u>

5. **Exhibit**

My qualifications for the job included attending Embry-Riddle Aeronautical University in Daytona Beach. I had received a BSc degree in Aeronautical Science. Before my degree, I had an FAA Airframe & Powerplant License and also FCC License for Aircraft Avionics. The Plaintiff was hired on February 8th of 2019. My hired position was Aviation Compliance and Regulatory Specialist. I was Hired by Thomas who was the manager at the time of Compliance and Regulatory in February of 2019. When I was hired, the company was behind 3 months of the work I was hired to complete. I was able to accomplish completing the current and past work within 2 months of being on the job. My obligation was to research the occurrences and interview the mechanics on discrepancies (occurrences) that came through the company. These were directly received from the FAA to the airlines in order to complete the reports regarding malfunctions of the planes with myself being the intermediary in communication. Once the discrepancies were solved, I would send back the reports to the FAA to dismiss the occurrences.

A. Manager's Safety Meeting.

Plaintiff showed up at the first safety meeting with a coworker (Robert) who is a white male. When the Plaintiff (myself) arrived at the meeting, some of the attendees were making sarcastic remarks towards myself. These consisted of them saying "who is this man?", "What is he doing here?" and "How long is he going to be here?" Then my coworker "Robert" told them " You like it or not he is going to be here."

B. I was attending the FAA meetings with my boss Thomas, whilst also attending the meetings at the companies main office. This was done so Thomas could train me in order to take his position as manager being the reason he hired me which was known with the company and with the FAA. I was attending the meetings continuously until Thomas left the company in April of 2019. Thomas had invited me to the VP meetings in which they had not allowed him to proceed with doing. Immediately after Thomas left, I was no longer allowed to attend all the meetings. Robert was the only one attending all the meetings once Thomas left the company. So I had asked Robert " How come I'm no longer invited to attend the management meetings?" He responded saying " Dean Sinerius (who is the director of Compliance and Quality) told him that they were moving things around, and once they are done you (in reference to the plaintiff) will be able to attend the meetings again." However, following that conversation, I was not offered the invitation to any of the future meetings.

C. A new manager William Clark was hired towards the end of May in 2019. William was hired and had taken over the position left by Thomas. I had overheard a conversation between him and Robert in William's office which was located next to my office and was

separated by drywall. William had stated " Why did you guys not fire him? He should have been fired a long time ago." I did not say anything in reference to their conversation. I had asked him " Why was I not attending the meetings?" He had given the same response as Robert " That things were being moved around and when it was finished then I would go again." Evidently, Robert and William were the only two attending these meetings( FAA meetings and Management Meetings) Until Robert was moved to another department. After a month or so another white male(Dan Porter) was hired and began to attend the meetings with William and I was still not invited to the meetings. So I asked again " Why am I not going to the meeting?" Dan had told me the same thing that "They were still moving things around once it was done I would return going to the meetings." I still was not invited to the meetings. The attendees of the meetings were all white males and did not consist of People of Color.

D. William had been on the job just less than a couple of months and during this period, I received my first write up from William on July 25th, 2019. The write up stated (severity of performance issue) which consisted of the work prior to the plaintiffs employment. Prior to the write up I was told that I was behind on my work load. When I had been ahead of current work including the work prior to my employment. Evidently, they had switched how work was received without prior notices leading me to be put behind in future work from SharePoint(the FAA report site). This was also a result of me no longer being invited to the meetings where they had discussed these new changes. Prior to the employment of William I did not receive any written notices or verbal notices on myself being behind in my workload.

E. Two months past and I received another write up from William on September 12th, 2019. The write up consisted of severity of performance issue continuing from the first initial written write up. They had stated that I was not keeping up with the workload and they could not track how many reports I was completing on a daily basis. The FAA had accepted all of the reports and did not send any reports back to myself. I informed him I would not be signing the write up in front of the Quality manager whom he had brought to witness me signing the document. I had also stated that he was harassing and discriminating against me due to lack of evidence to support me being behind in my work. After receiving the write up I had sent an email to HR(Karla Rodriquez). Explaining that I am being harassed and discriminated against by William Clark. Karla had expressed the write up was invalid in which he should not have written up the plaintiff.

F. Dean (the director) and myself had attended the same University and he is the director of Compliance and Quality. However, he did not have the same qualifications as myself and was not licensed. This had also extended to the other two directors (instructor director and maintenance director) who did not have a degree but have A&P license.

G. I had been in an accident in September of 2019 at which I had requested to take medical leave due to injuries to my neck and left leg and was given one week of PTO. Then I was

in another accident on October 23rd, 2019 which was a head on collision after work driving home with a F150 truck and I was in a small Nissan sentra. I had severe injuries and was hospitalized for 18 hours. I was able to call William and left a message and also sent a text to inform him of the accident and the severity of it. William had told Karla which led to her sending me an email and I expressed I needed another medical leave due to the severity of my injuries. They had denied my request for medical leave because they did not want to pay because they had already done one week and they did not want to do another. Despite my injuries I was asked to come back to work immediately and without any restrictions. My doctors had sent letters stating how severe my injuries were and that I would not be able to return to work at the moment. Karla had said I still had to come to work without restrictions and if I did not return I would be fired. So I had returned to work on the Tuesday after being told I would be fired and Karla had sent me back home. Following this I had my attorney send them an email that I can not return to work due to the severities of my injuries. Kristine Agakhanyan had then sent me a letter stating that they needed documents from my doctors and should return to work without restrictions immediately or it will result in being fired. Two different doctors had sent in letters and documentation regarding the severity of my injuries and that I would not be able to return to work immediately. In the morning of the 20th of November in 2019 I was able to send in another letter stating that I would be able to work but with restrictions. They had said that was not enough documentation and had fired me from the company on the 20th of November in 2019.

## Applicable Law Supporting Claims

- Discrimination of National Origin Discrimination and Race
  - **15.2 Title VII and the Civil Rights Act of 1991.** Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in employment based on: race, color, religion, sex, national origin, or a person's association with a protected class member. 42 U.S.C. §§ 2000e to 2000e-17. Title VII also prohibits retaliation against an individual who has opposed a discriminatory practice, filed a discrimination charge, or otherwise participated in a judicial or administrative proceeding concerning a discrimination complaint. Title VII protects employees from discrimination in all aspects of the employment relationship, including hire, terms and conditions, benefits, promotion, layoff, and termination.
  - Title VII covers state and local governmental employers. Title III of the Civil Rights Act of 1991, 2 U.S.C. § 1220 (subsequently transferred to 42 U.S.C. § 2000e-16c), gave
  - previously exempt state employees serving elected officials many of the same procedural and substantive rights that Title VII provides. Title III

covers members of an elected official's personal staff, those serving an elected official on a policy-making level, and those serving an elected official as immediate advisors with respect to the exercise of the office's constitutional or legal powers.[1]

- includes unfair treatment of an individual based upon the characteristics of their speech; such as accent, vocabulary, and sentence composition. It can also involve a person's ability or inability to use one language instead of another. This applies to myself because coming in as an African male and having a heavy accent I was judged upon arrival to my first meeting.

- Discrimination of National Origin Discrimination and Race
  - **15.2 Title VII and the Civil Rights Act of 1991.** Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in employment based on: race, color, religion, sex, national origin, or a person's association with a protected class member. 42 U.S.C. §§ 2000e to 2000e-17. Title VII also prohibits retaliation against an individual who has opposed a discriminatory practice, filed a discrimination charge, or otherwise participated in a judicial or administrative proceeding concerning a discrimination complaint. Title VII protects employees from discrimination in all aspects of the employment relationship, including hire, terms and conditions, benefits, promotion, layoff, and termination.
  - Title VII covers state and local governmental employers. Title III of the Civil Rights Act of 1991, 2 U.S.C. § 1220 (subsequently transferred to 42 U.S.C. § 2000e-16c), gave
  - previously exempt state employees serving elected officials many of the same procedural and substantive rights that Title VII provides. Title III covers members of an elected official's personal staff, those serving an elected official on a policy-making level, and those serving an elected official as immediate advisors with respect to the exercise of the office's constitutional or legal powers.[1]

- Example "For example, it is unlawful for a supervisor to refuse to promote a Vietnamese person to a management position because he or she believes that Asian people are not good leaders." I also have to deal with a similar aspect of it due to not being white as my coworkers and people above me.

C. **15.8 Harassment.** the harassment form of discrimination is much less developed in other contexts, harassment may also involve color, national origin, age, religion, or disability. In general, these harassment claims are analyzed under the same legal standard as sexual harassment claims. To constitute discrimination, the harassing conduct must be unwelcome and either severe or pervasive enough to interfere with an individual's work performance or create an

intimidating, hostile, or offensive working environment. *See, e.g., Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (harassment based on

- 15-8 Revised 2018
- race), *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) (harassment based on national origin).
- An Example is "Harassing conduct might include racial slurs, jokes about a particular ethnic group, comments or questions about a person's cultural habits or traditions, or physical acts of particular significance to a certain racial or ethnic group.

Also common in national origin discrimination cases is discrimination based on an employee or applicant's immigration status. ." Me over hearing about why I wasn't fired yet is a form of harassment towards me.

D. **15.8 Harassment.** the harassment form of discrimination is much less developed in other contexts, harassment may also involve color, national origin, age, religion, or disability. In general, these harassment claims are analyzed under the same legal standard as sexual harassment claims. To constitute discrimination, the harassing conduct must be unwelcome and either severe or pervasive enough to interfere with an individual's work performance or create an intimidating, hostile, or offensive working environment. *See, e.g., Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (harassment based on

- 15-8 Revised 2018
- race), *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) (harassment based on national origin).
  - An example is "an employer should not ask whether or not a job applicant is a United States citizen before making an offer of employment." this relates to how I was constantly harassed and written up do to my work ethic.

E. **15.12 Discrimination Based on Disability.** Employees are protected from discrimination based on disability under Title I of the Americans with Disabilities Act of

15-12 Revised 2018

1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213, and the ACRA. A.R.S. § 41-1463(B)(1). The ADA was intended to be consistent with Title V of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796, so that agencies that complied with that law would also be in compliance with the ADA. The ADA sets the minimum level of protection afforded to individuals with disabilities;

other state or federal law may offer greater protections. 29 C.F.R. § 1630.1(c). The ADA covers employers with fifteen or more employees. 42 U.S.C. § 12111(5)(A).

Employers may not discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); A.R.S. § 41-1463(B)(1) . Discrimination includes failure to provide reasonable accommodations for known disabilities (see discussion at 15.12.4 below). A "qualified individual with a disability" is a person who has a disability and who, with or without reasonable accommodation, can perform the essential functions of the job. 42 U.S.C. § 12111(8); A.R.S. § 41-1461(11).

- However, I was denied accommodations for disabilities when it states "Federal, state, and some local laws impose a duty on employers to reasonably accommodate workers. If you are a qualified individual with a disability and you have been denied a reasonable accommodation, your employer may be in violation of the federal Americans with Disabilities Act or the Rehabilitation Act, or state laws such as the D.C. Human Rights Act, " Evidently, the company had violated the need for accommodations discriminating against me because of a disability led from injuries.

### Injuries

- lost income.
- Pain from being denied medical leave.
- For the debt that came along with losing income
- Pain and suffering.
- Emotional damage
- Psychological damage
- Degradation of humanity based off of Race

### Demand For Relief

Plaintiff demands

The plaintiff is asking the defendant to pay them $500,000 to compensate for damage endured since being fired and also while being an employee.

Person Filing: ALFRED B. PAILU
Address (if not protected): 8809 SOUTH POINTE Pkwy, E.
City, State, Zip Code: UNIT 2074 PHOENIX AZ 85044
Telephone: 703-786-6252
Email Address: JETFITAL@GMAIL.COM
Lawyer's Bar Number: _____
Representing ☑ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff   OR   ☐ Defendant

COPY

DEC 29 2020

CLERK OF THE SUPERIOR COURT
FOR CLERK'S USE ONLY
G. GUTIERREZ
DEPUTY CLERK

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

ALFRED B. PAILU

_____
PLAINTIFF,

vs.

MESA AIRLINES

_____
DEFENDANT.

Case Number: CV2020-017311

## CERTIFICATE OF COMPULSORY ARBITRATION

\*Notice to Defendant: If you agree with the Plaintiff's Certificate of Compulsory Arbitration, you **DO NOT** need to file this form.

The undersigned certifies that this case is (Please check **ONLY** one option below):

☐ **Subject to Arbitration** – The amount of money in controversy **DOES NOT** exceed $50,000, **AND** no other affirmative relief is sought.

☐ **Not Subject to Arbitration** – The amount of money in controversy **DOES** exceed $50,000, **OR** other affirmative relief is sought.

\*Defendant – If you DISAGREE with the Plaintiff's Certificate of Compulsory Arbitration, please explain why you disagree below:

_____
_____
_____

SUBMITTED this_____day of_____, 20_____.

SIGNATURE _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 1 of 1

CV03f 120319

Person Filing: ALFRED B. PAILA
Address (if not protected): 8809 SOUTH POINTE PKWY, E
City, State, Zip Code: UNIT 2074, PHOENIX AZ 85044
Telephone: 703-786-6252
Email Address: JETFITAL@GMAIL.COM
Lawyer's Bar Number: _____

Representing ☑ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff  OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

ALFRED B. PAILA
Name of Plaintiff

MESA AIRLINES
Name of Defendant

Case Number: _____

Title:  **PLAINTIFF'S DEMAND for JURY TRIAL**

Plaintiff, ALFRED B. PAILA , demands a trial by jury in this case. If this
(Name of Plaintiff)

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this 12/29/2020
(Date of signature)

_____
(Signature of Plaintiff or Plaintiff's Attorney)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC11f  050718



# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-017311 | Judge: | Kemp, Michael |
| File Date: | 12/29/2020 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Alfred B Paila | Plaintiff | Male | Pro Per |
| Mesa Airlines | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 12/29/2020 | CCN - Cert Arbitration - Not Subject | 12/30/2020 | Plaintiff(2) |
| 12/29/2020 | CSH - Coversheet | 12/30/2020 | Plaintiff(2) |
| 12/29/2020 | COM - Complaint | 12/30/2020 | Plaintiff(2) |
| 12/29/2020 | ODF - Order Deferring Court Fees | 12/30/2020 | |
| 12/29/2020 | ASA - Affidavit in Support of Application for Deferral or Waiver of Service Process Costs | 12/30/2020 | Plaintiff(2) |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**